45539.   GREAT AMERICAN INSURANCE COMPANY v. EXUM.

WHITMAN, Judge. Susan Darlene Blanchard, 5 years old, brought a suit by next friend against Perry L. Exum, wherein she alleged that Exum negligently struck her with an automobile as she was attempting to cross Main Street in Tifton, Ga., and caused her to suffer severe and permanent head and brain injuries. Her suit sought damages for personal injuries in the amount of $100,000. The jury returned a verdict in her favor for $30,000.

Exum was defended in the above action by the Great American Insurance Company who had issued a policy of automobile liability insurance with a $10,000 limit for bodily injury, on the car which Exum was driving. He also employed his own counsel in the matter. No appeal was taken from the verdict and judgment and execution was duly issued thereon.

Following the termination of the above case, Exum brought the present action against Great American, alleging that a suit had been brought against him by Susan Blanchard; that defendant undertook defense of the suit as required by the liability policy; and that: "Prior to the trial of the said damage suit, defendant herein was furnished copies of medical reports showing the severity and permanency of the injuries sustained by Susan Darlene Blanchard and defendant had other knowledge that said child was seriously and permanently injured. The defendant also knew that due to the tender years of Susan Darlene Blanchard, she could not be negligent under Georgia law."

Exum further alleged that: "On March 29, 1966, the trial of the case of Susan Darlene Blanchard against plaintiff herein began in Tift Superior Court and during the trial of said case defendant herein offered to settle the case for $7,500. Counsel for Susan Darlene Blanchard refused defendant's offer of $7,500, but offered to settle the case with plaintiff herein and defendant herein for $9,000, which was within the limits of the policy of liability insurance and plaintiff herein made a written demand upon the defendant to settle the case for $9,000. The defendant negligently and capriciously refused to accept the said offer of $9,000 and gave no regard to the interest of the plaintiff herein as an insured under the policy of insurance, but considered only its own interest and the fact that it could only lose $10,000, the amount of the policy limits, regardless of the outcome of the trial. Plaintiff alleges that if the defendant had acted with reasonable care and prudence and in good faith toward his interest, the defendant would have accepted the $9,000 compromise offer, which was only $1,500 more than the defendant had offered to settle the case, and the defendant could have thereby prevented an excess verdict and judgment against the plaintiff."

Exum prayed for judgment against the defendant in the sum of $20,000, which was the amount the damage suit verdict and exceeded the policy limits. The jury found for Exum in the amount sought. The defendant has appealed.

The sole enumeration of error in this case is that "the trial court erred in overruling the defendant insurer's motion for directed verdict and its motion for judgment notwithstanding the verdict."

Great American's motion for directed verdict was made upon the grounds (1) that the evidence would not authorize a verdict for Exum, rather it demanded a verdict for Great American; (2) that the evidence adduced in the prior case of Susan Blanchard v. Exum, notwithstanding that the jury found for Susan Blanchard, would have authorized a verdict in favor of Exum, and thus there could not in law be any bad faith or negligence in defending rather than settling within policy limits; and (3) that the evidence shows that Exum related his version of the acci-

dent to Great American and maintained at such time and continues to maintain that he was not at fault, and inasmuch as Exum's version was not unreasonable, was not obviously false, and was supported by the testimony of others, Great American was authorized and entitled to rely thereon, and did rely thereon, and could not in so doing be charged with bad faith by Exum in not settling within policy limits. *Held:*

The motion requires a consideration of the evidence before the jury in connection with the law applicable to the action.

The jury had before them all of the evidence presented in the prior case. That evidence showed that Susan Blanchard (5 years old) was either standing or walking northerly on the west side of a city street that ran north-south; that she was being held by the hand by another girl (her 15-year-old cousin); that she jerked away and ran north-easterly, diagonally, across the street; and that she had crossed the southbound side of the street and was in the northbound side when she was hit by Exum. Exum was going north. Exum testified to the effect that he was not at fault and the occurrence was unavoidable; that he was not exceeding the speed limit; that he was keeping a lookout ahead; that he had seen the girls on the west side of the street, but did not see the little girl run into the street; that he first saw her after a car coming from the opposite direction had passed and she was then only about 2 feet from the left front of his car running "sort of crunched over"; that she more or less darted into him; and that it was absolutely impossible for him to avoid an impact. About a dozen people testified. Some had witnessed the occurrence itself, some had not seen it but were in the immediate vicinity and had made observations. Some came to the scene immediately thereafter. From these witnesses there was testimony as to Exum's speed ranging from well under the 30 mph speed limit to 75 mph. There was testimony as to Exum's skid marks ranging from only a few feet to 80 feet. Some witnesses said they heard a scream, a horn and tire squeals, and some said they did not. Some said Exum's car was the only car passing by, thereby giving him unobstructed vision of the entire street, and others said there were other cars proceeding in both directions, the

effect of which was that Exum's view could have been partially obstructed. With regard to injuries, the evidence was undisputed that the little girl suffered severe and permanent injuries involving the brain.

The long and the short of it was that Susan Blanchard could not be contributorily negligent because of her young age; she had sustained severe and permanent injuries; there was evidence in the case which would support a jury verdict either way on the question of negligence, but a finding by the jury of any negligence, however slight, on Exum's part would authorize the jury to find him fully liable.

Great American argues that inasmuch as Exum took the position that he was not at fault and stood firm in that position with Great American and before the jury in the previous trial and again reiterated his conviction that he was not at fault to the jury in the present case, and since his position was reasonable and had support in the evidence, there can be no finding that Great American had acted in bad faith or had been negligent as to Exum in defending the case against him on that basis rather than settling within policy limits.

Great American places great reliance on the fact that there was a jury question as to Exum's liability, and cites a number of cases which have arisen under *Code Ann.* § 56-1206 (Ga. L. 1960, pp. 289, 502), which renders an insurer liable for a penalty and attorney's fees for a bad faith refusal to pay a loss covered by a policy of insurance. Such cases equate "bad faith" with frivolity or acting without any basis in law or fact and recognize a power residing in the trial judge to make a determination as a matter of law whether the evidence adduced discloses any reasonable ground for contesting the claim. If so, there is, as a matter of law no bad faith, and a jury may not consider the question. See *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (127 SE2d 454); *Belch v. Gulf Life Ins. Co.,* 219 Ga. 823, 828 (136 SE2d 351); *Independent Life &c. Ins. Co. v. Thornton,* 102 Ga. App. 285 (6) (115 SE2d 835); *Home Indem. Co. v. Godley,* 122 Ga. App. 356, 363 (177 SE2d 105).

In view of this court's decision in *U. S. Fidel. &c. Co. v. Evans,* 116 Ga. App. 93 (156 SE2d 809), it cannot be said that the

"bad faith decisions," such as those above, decided with regard to the penalty provisions of the Insurance Code supply the applicable test. The *Evans* case held that in deciding whether to accept an offer of settlement within policy coverage *the insurer must accord the interest of its insured the same faithful consideration it gives its own interest and that it is for the jury to decide whether the insurer has or has not so acted.* The *Evans* case involved an offer to settle within policy limits after there had been a trial and a verdict in excess of policy limits. The insurer chose appeal over settlement but lost.

In the case sub judice the opportunity to settle within policy limits arose before verdict and judgment. In *Evans* the opportunity to settle within policy limits came after verdict and judgment. This factual distinction does not render the *Evans* test inapplicable here. The question is not one of whether a right to trial by jury or appeal will be abrogated. The question is whether the insurer's choice to pursue the right in view of the existing circumstances is one which gives equal consideration to the interest of the insured. Also see State Farm Mut. Auto. Ins. Co. v. Smoot, 381 F2d 331.

In addition to the evidence below showing the nature and extent of the information which Great American had at the time the opportunity to settle arose (in particular, its knowledge of what the evidence on liability and injury in the case of Blanchard v. Exum was and would show), the evidence below also discloses that Great American's own counsel considered the case a "dangerous one"; that a reserve of $9,500 had been set up for the case; and that it had made an investigation of Exum's assets and financial condition because of the possibility of an excess verdict. Great American admitted it had offered $7,500, but had refused the opportunity to settle for $9,000. It further admitted that Exum had made a written demand upon it to do so. Great American's claims manager testified that he was aware of the seriousness of the injuries but stated that, in his opinion, even if the jury found Exum liable, the award would not be high. His reasoning was to the effect that although there could be no contributory negligence, there were no aggravating circumstances involved, such as intoxication. He stated he believed

the jury would take that into consideration and that he evaluated the case partially on that basis. He also testified his general practice was that if any insured would pay one dime over the limits, he would pay the policy limits.

We think a jury question was clearly presented. The trial court did not err in overruling the defendant's motion for directed verdict and its motion for judgment non obstante veredicto.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 8, 1970—DECIDED MARCH 12, 1971—

REHEARING DENIED MARCH 30, 1971—CERT. APPLIED FOR.

*Perry, Walters, Langstaff, Lippitt & Campbell, H. H. Perry, Jr.,* for appellant.

*John Henry Poole, Reinhardt, Ireland, Whitley & Sims, Glenn Whitley,* for appellee.