579 P.2d 1185 (1978)
Carl EKLUND, Trustee in Bankruptcy for David Paul Laurita a/k/a David P. Laurita, a/k/a Dave Laurita, a/k/a David Laurita, Plaintiff-Appellant,
v.
SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation, Defendant-Appellee.
No. 77-548.
Colorado Court of Appeals, Division II.
May 25, 1978.
*1186 Hemminger & Whittaker, Gary H. Hemminger, G. Daniel Whittaker, Englewood, for plaintiff-appellant.
Wood, Ris & Hames, P.C., William K. Ris, Daniel M. Fowler, Denver, for defendant-appellee.
ENOCH, Judge.
David Laurita's trustee in bankruptcy brought this action against Safeco Insurance Company of America (Safeco) for its alleged negligence and bad faith in failing to settle a claim against David within the limits of its automobile insurance policy. The trustee sought to recover $100,000 which represented that part of a judgment entered against David in May 1975 which exceeded the Safeco policy limit. The trustee appeals from a summary judgment entered on defendant's motion. We affirm.
In support of its motion for summary judgment, Safeco filed depositions of David, his father, and their trial counsel retained by Safeco, who is not the same as appellate counsel. The trustee did not file any counteraffidavits or depositions.
The uncontroverted facts are as follows. On June 14, 1970, David, then a minor, was insured under an automobile liability policy issued by Safeco to his parents. The policy provided $50,000 liability coverage. On June 14, 1970, the automobile David was driving struck a pedestrian, who sustained serious personal injuries. The pedestrian sued David for $275,000, and obtained a judgment for $150,000. As required under the terms of the policy, Safeco handled the defense of the suit including the appeal. After affirmance of the judgment, Safeco paid its policy limit of $50,000 plus costs and interest, leaving the $100,000 balance unsatisfied.
Before trial, Safeco rejected two settlement offers (one for $50,000, the other for $38,500), and its proposed offer to settle in the range of $15,000 was also rejected. It was defense counsel's opinion, after investigation of the accident, and taking the depositions of two eyewitnesses, that David was not liable.
Although the members of the Laurita family were informed of the possibility of a judgment in excess of the policy limits, and were advised of the plaintiff's two offers of settlement, they staunchly opposed any settlement. David's father, a policeman, conducted his own investigation of the accident, and concluded on his own that no liability existed on David's part. He informed Safeco that if the case were settled out of court, he would cancel all insurance policies he had with the company. The Lauritas believed that the case should be dismissed because the pedestrian was guilty of contributory negligence as a matter of law. David's father also disapproved of Safeco's efforts to settle the case after trial *1187 for the policy limit of $50,000. The Lauritas felt that Safeco adequately represented their interest throughout the course of the case and that knowledge of Safeco's $15,000 settlement authorization would not have changed their attitude towards settlement.
On these facts the court granted summary judgment against the trustee, finding that the Lauritas' adamant opposition to settlement relieved Safeco of liability.

I.
The trustee contends that the court should have postponed its decision until after two depositions which he had taken had been made part of the record, and that the court did not specify the nature of the deficiency of his action, and allow him an opportunity to correct it. We find no merit in these contentions.
The trustee did not object to the hearing on Safeco's motion, move for a continuance, nor ask the court to reserve its decision until his depositions were filed. Under these circumstances, he is precluded from arguing that the decision should have been postponed. Contrary to the trustee's contention, the court did specify the nature of the deficiency of the trustee's action when it noted that no counteraffidavits or depositions had been filed and concluded that Safeco was entitled to judgment as a matter of law because no genuine issue of material fact existed concerning the Lauritas' position on settlement.

II.
The trustee also contends that the court erred in granting summary judgment because genuine issues of material fact existed concerning Safeco's adherence to the standard set forth in Aetna Casualty & Surety Co. v. Kornbluth, 28 Colo.App. 194, 471 P.2d 609. At oral argument before this court the trustee took the position that he was not questioning the manner in which trial counsel handled the case; his complaint was directed to Safeco's handling of the settlement. We find no merit in this complaint.
Unlike the typical excess case where the insured's action against the insurer is predicated, at least in part, upon the insured's prior demand for settlement within the policy limits, see, e.g., Potomac Insurance Co. v. Wilkins Co., 376 F.2d 425 (10th Cir.), here it is undisputed that the Lauritas demanded that Safeco not settle the claim upon any terms even though claimant's two offers of settlement were within the policy limits. The trustee stands in the same position as the bankrupt, David, and thus he cannot now complain that Safeco should be liable for the excess because a settlement was not effected.
Judgment affirmed.
SILVERSTEIN, C. J., and BERMAN, J., concur.