**Dale S. MILLER, Plaintiff-Appellant,**

v.

**Mylan R. VAN NEWKIRK,
Defendant-Appellee.**

**No. 80CA0277.**

Colorado Court of Appeals,
Div. I.

Dec. 31, 1980.

Rehearing Denied Jan. 29 and
Feb. 26, 1981.

Certiorari Denied May 4, 1981.

144

Fischer & Wilmarth, Steven G. Francis, Fort Collins, for plaintiff-appellant.

Pryro, Carney & Johnson, P.C., Thomas L. Roberts, Peter W. Pryor, Englewood, for defendant-appellee.

PIERCE, Judge.

In this medical malpractice action plaintiff appeals the trial court's granting of summary judgment in favor of defendant. We affirm in part and reverse in part.

On September 11, 1975, plaintiff Dale S. Miller consulted defendant Mylan R. Van Newkirk concerning treatment of a cataract in his right eye. Defendant informed plaintiff that the cataract should be removed.

Defendant advised plaintiff that he would use "phacoemulsification" rather than the standard method of cataract extraction and plaintiff consented to be operated upon.

Defendant began the operation using phacoemulsification but since plaintiff's pupil was not dilating as required by that method, defendant switched to an alternate method of extraction, which was a standard, often used procedure.

After the operation, plaintiff's vision remained impaired for a period of 18 months because of massive endothelial cell loss which had occurred during surgery. Plaintiff's condition was later corrected by another doctor who performed a corneal transplant.

Plaintiff subsequently brought an action for medical malpractice against defendant, alleging negligence and uninformed consent.

The trial court granted summary judgment to defendant based upon the pleadings and depositions and affidavits of plaintiff, defendant, and expert witnesses.

I.

The plaintiff first contends that the trial court erred in granting summary judgment on his claim for relief based on negligence. We do not agree. A party is entitled to summary judgment when there are pleadings, affidavits, and depositions on file showing that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Durnford v. City of Thornton*, 29 Colo.App. 349, 483 P.2d 977 (1971). Once the moving party shows specific facts probative of his right to judgment, it becomes necessary for the non-moving party to set forth facts showing that there is a genuine issue for trial. *Durnford v. City of Thornton, supra.*

In a medical malpractice case, it is generally incumbent upon the plaintiff to prove by expert testimony that defendant departed from the standard of care required of defendant as a physician. *Smith v. Curran*, 28 Colo.App. 358, 472 P.2d 769 (1970). If no standard is established by the testimony of experts in those cases where such testimony is required, there is no standard for the determination of the ultimate question of the physician's negligence. *Smith v. Curran, supra.*

Here, plaintiff has offered no expert testimony attesting to defendant's negligence, and the pleadings and affidavits of experts presented to the court do not indicate that any such testimony would be forthcoming at trial. *See Eklund v. Safeco Insurance Co.*, 41 Colo.App. 96, 579 P.2d 1185 (1978). To the contrary, the affidavits

of experts submitted by defendant testify to his lack of negligence. Nor is this a case in which expert testimony would be unnecessary. *See Smith v. Curran, supra.* Hence, the trial court was correct in ruling that no genuine issue of fact remained as to the negligence issue. *Riedisser v. Nelson,* 111 Ariz. 542, 534 P.2d 1052 (1975). *See Durnford v. City of Thornton, supra.*

## II.

Plaintiff next contends that the trial court erred in ruling that res ipsa loquitur was inapplicable to this case. We disagree.

Res ipsa loquitur is a rule of evidence which defines the circumstances under which a presumption of negligence will arise as a matter of law. *Holmes v. Gamble,* Colo.App., 624 P.2d 905, (1980). Insofar as is pertinent here, the doctrine applies when: (1) the event is the kind which ordinarily does not occur in the absence of negligence; (2) other reasonable causes, including the conduct of the plaintiff and third persons are sufficiently eliminated by the evidence; and (3) the indicated negligence is within the scope of the defendant's duty to the plaintiff. *Branco Eastern Co. v. Leffler,* 173 Colo. 428, 482 P.2d 364 (1971). *See Kitto v. Gilbert,* 39 Colo.App. 374, 570 P.2d 544 (1977).

Whether the circumstantial evidence warrants the inference that the injury was an event of the kind which ordinarily does not occur in the absence of negligence is a question of law to be decided, in the first instance, by the trial court. *Holmes v. Gamble, supra.* Where, as here, it cannot be inferred that the injury normally does not occur without negligence, expert testimony on that issue is necessary before res ipsa loquitur can be applied. *Holmes v. Gamble, supra.*

The record reveals that the trial court was correct in determining that the evidence gleaned from the affidavits and depositions of experts did not attest to plaintiff's contention that endothelial cell loss does not normally occur absent negligence, and the record is devoid of any testimony to the contrary. Therefore, it was proper for the trial court to rule that as a matter of law, res ipsa loquitur was inapplicable to this case. *See Holmes v. Gamble, supra.*

## III.

Defendant contends, in support of the trial court, that it was correct in granting defendant's motion for summary judgment on plaintiff's claim based on the uninformed consent issue. We disagree.

If a patient's consent to surgery is obtained without disclosure of the substantial risks inherent in the operation, the doctor is liable for any resultant injury to the patient regardless of negligence. *Stauffer v. Karabin,* 30 Colo.App. 357, 492 P.2d 862 (1971); *see Bloskas v. Murray,* Colo.App., 618 P.2d 719, (1980). For a patient's consent to be informed, a physician must inform the patient as to the nature of the ailment, the nature of the operation, the substantial risks involved in undergoing the operation, any special risks of harm which he knows or reasonably should have known, and any alternative methods of treatment. *Colo. J.I.* 15:16 (2d ed. 1980).

Plaintiff asserts that he was not informed that surgery involved the specific risk of endothelial cell loss, that surgical procedure might be changed in mid-operation, or that defendant had never used the phacoemulsification procedure before. Expert testimony in depositions and affidavits established that endothelial cell loss was a known risk of cataract surgery. Further, expert testimony revealed that the medical community's standard was to inform a patient of which surgical operation was to be performed, "and if the procedure was aborted the physician would also mention . . . to the patient that it was done for specific reasons." Therefore, the issue of uninformed consent became a question of fact for jury determination. *See Bloskas v. Murray, supra,* and *Stauffer v. Karabin, supra.*

The trial court ruled further that as a matter of law, a reasonable person in plaintiff's situation would have consented to the cataract removal surgery regardless of knowledge of the specific risk of endothelial cell loss.

Whether a patient would have refused treatment or a medical procedure had the physician made adequate disclosure is to be determined objectively in terms of what a prudent person in the plaintiff's position would have decided if informed of all substantial risks. *Canterbury v. Spence*, 464 F.2d 772 (D.C. Cir. 1972); *see Hamilton v. Hardy*, 37 Colo.App. 375, 549 P.2d 1099 (1976). Thus what a reasonable person in plaintiff's position would have done was a question for the trier of fact, and it was error for the trial court to rule as a matter of law that "no reasonable person in plaintiff's position would have refused surgery after total disclosure of the known risks." *See Hamilton v. Hardy, supra.*

The judgment is affirmed as to the negligence and res ipsa loquitur issues and reversed as to the uninformed consent issue, and the cause is remanded with directions for further proceedings consistent with this opinion.

ENOCH, C.J., and RULAND, J., concur.