## 62091. LOZYNSKY v. HUTCHINSON.

BIRDSONG, Judge.

Ms. Lozynsky appeals the grant of summary judgment to Hutchinson, whom Lozynsky had impleaded as third-party defendant in a lawsuit filed against her by Gwen Hairston. *Held:*

The pleadings, depositions and affidavits show conclusively that appellant Karla Lozynsky was driving her Volkswagen "bug" eastbound; she had her left turn signal on and had slowed to approximately 5 m.p.h. and had turned left several feet into the left lane when a motorcycle driven westbound by appellee Hutchinson swerved or drove around her vehicle, hit a pothole on the side of the highway and flipped or fell over, depositing Hutchinson and Miss Hairston in the ditch. Hutchinson and Hairston, after exchanging a few words with appellant, remounted the motorcycle and drove away. Beyond these facts the material facts, while not necessarily in dispute, are in issue. Code Ann. § 81A-156 (c). Appellant Lozynsky testified that when she first saw the appellee's motorcycle, after she had begun to turn and was perhaps one-third of her "bug's" car length into the left lane, she saw the motorcycle approaching some 5 or 6 Volkswagen car lengths away; and that the appellee had room and time to pass her safely. She testified the appellee was driving approximately 25-30 m.p.h. and that the speed limit in that area was 25 m.p.h. The appellee and Miss Hairston stated the speed limit in that area was 45 m.p.h., and that the appellee was driving 40 or 45 m.p.h. Appellee stated he first saw the appellant's vehicle about 100 yards away from it; Miss Hairston saw the appellant's left turn signal from a distance, but both the appellee and Miss Hairtson believed and assumed the appellant would stop and let them pass before turning left.

Questions of negligence and proximate cause are peculiarly questions for the jury except in clear, plain, palpable and undisputed cases. *Inglett v. Ratliff,* 150 Ga. App. 688 (258 SE2d 320). Only in the rare case where there is an admission of liability or an indisputable

fact situation that clearly establishes liability, should summary judgment be granted. *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448 (224 SE2d 25). While there may appear to be little debate that the appellant Lozynsky was negligent in this case, the issue of negligence and proximate cause as it concerns the appellee Hutchinson is less clear. We are not familiar with a rule of law which gives operators of motorcycles and other motor vehicles an absolute right to assume that, in all cases, other drivers will obey the law and will drive in a reasonable manner. Moreover, while there is no clear evidence that the appellee was negligent, there might be such evidence in the case from which the jury might infer it; and the evidence in this case does not establish in a clear and indisputable manner that the appellee was not negligent or that his actions did not contribute to the incident. This was his burden to show on his motion for summary judgment, and he did not sustain it, particularly when the evidence is construed most favorably to the appellant, as it must be on the appellee's motion for summary judgment.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 25, 1981.

*Michael J. Gorby, Gene A. Major,* for appellant.
*Patrick F. Henry, Jr., H. Fielder Martin, M. Kathleen Lewis,* for appellee.