67643. GEORGIA-PACIFIC CORPORATION et al.
v. TRAMMELL et al.

Pope, Judge.

Appellees Mary F. Trammell and her husband Donald brought this action against appellants Georgia-Pacific Corporation and its employee Esley Dubose, Jr., alleging negligence and loss of consortium. Following pretrial discovery, appellees moved for summary judgment on the issue of liability. Appellants bring this appeal from the trial court's grant of that motion.

" 'Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of summary adjudication whether for or against the plaintiff or the defendant, but must be resolved by a trial in the ordinary manner.' [Cit.]" *Malin v. Jaggers,* 134 Ga. App. 806 (216 SE2d 666) (1975). The undisputed facts

of record show that Mrs. Trammell was injured when a fork lift, which was left unattended and idling by Dubose, rolled into her, pressing her against the side of her pickup truck. This incident occurred at Georgia-Pacific's place of business while Mrs. Trammell was a business invitee. Appellants deny any negligence on their parts and aver that such an incident has never before occurred at a Georgia-Pacific facility. The facts of record, even though essentially without dispute as to the circumstances which resulted in Mrs. Trammell's injuries, do not in this case establish negligence on appellants' parts as a matter of law. See, e.g., *Cowart v. Five Star Mobile Homes*, 161 Ga. App. 278 (291 SE2d 13) (1982); *Lozynsky v. Hutchinson*, 159 Ga. App. 715 (285 SE2d 70) (1981); *Charter Builders v. Sims Crane Service*, 150 Ga. App. 100 (1) (256 SE2d 678) (1979). See also *Black v. Miller*, 114 Ga. App. 208 (2) (150 SE2d 466) (1966); United States v. Adams, 212 F2d 912 (5th Cir. 1954). Thus, the trial court erred in granting appellees' motion for summary judgment.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 16, 1984.

*Bernard R. Thomas, Sr.,* for appellants.
*Clifford H. Hardwick,* for appellees.