A02A0147. COTTON STATES MUTUAL INSURANCE COMPANY v. BRIGHTMAN.
(568 SE2d 498)

PHIPPS, Judge.

James Brightman sued Lynn Martin and Gregory Cumbo to recover for injuries he sustained in a collision between a vehicle he owned and operated and a van owned by Martin and operated by Cumbo. Brightman offered to settle the case for the $300,000 limit of an automobile liability insurance policy issued by Cotton States Mutual Insurance Company to Martin, conditioned on State Farm Insurance Company also paying the $100,000 limit of a policy it had issued to Cumbo. State Farm was unwilling to settle the case; and Cotton States responded to Brightman's offer by requesting an extension, but Brightman's attorneys denied the request. Cotton States later offered its $300,000 policy limit, but Brightman rejected the offer. Ultimately, Brightman obtained a $1,787,500 personal injury judgment against Martin and Cumbo. Both Cotton States and State Farm paid their respective $300,000 and $100,000 policy limits to Brightman. Martin assigned to Brightman her claim against Cotton States for wrongful refusal to settle the case, and Brightman sued Cotton States. The jury returned a verdict for Brightman in the principal amount of $1,387,500. Cotton States appeals, challenging among other things the trial court's refusal to direct a verdict in its favor. We find evidence to support the verdict and affirm.

As Brightman was making a left turn onto a roadway in November 1992, his car collided with Martin's van, operated by Cumbo. He was charged with failure to yield the right of way. Because a test of Cumbo's blood revealed the presence of marijuana metabolites, he

was charged with DUI even though it did not appear that his driving was impaired. Cumbo also was charged with speeding 55 mph in a 45-mph zone and with causing serious injury by vehicle. Traffic charges against both parties were, however, eventually dismissed.

Brightman suffered permanent debilitating brain injuries and incurred hundreds of thousands of dollars in medical expenses. In the fall of 1993, Brightman, through counsel, notified Cotton States of his intent to sue Martin and Cumbo to recover for his injuries. In January 1994, Brightman's attorneys extended an offer to Cotton States to settle his claims against Martin and Cumbo for the $300,000 policy limit. Cotton States refused the offer in April 1994, primarily because Cotton States thought that the sole proximate cause of the accident was Brightman's improper left turn. And, according to Cotton States, Martin was opposed to settling the case.

In May 1994, Brightman sued Martin and Cumbo. Discovery revealed Cumbo's State Farm policy. In depositions given by the investigating officers, the estimate of Cumbo's speed was increased to between 60 and 65 mph, and, for the first time, mention was made of the possible presence of marijuana in the van. Moreover, nonbinding, court-mandated arbitration resulted in a $2,000,000 award for Brightman.

By letter dated January 30, 1995, Brightman extended another offer to Cotton States to settle the case for the $300,000 policy limit, conditioned on State Farm also paying its limit of $100,000. By its terms, the offer had to be accepted within ten days. Cotton States did not accept the offer within the ten-day limit, and Brightman's attorneys would not agree to an extension. According to Cotton States, Martin continued to oppose settlement. Martin, however, testified that she was not opposed to settlement. Numerous depositions were taken in February and early March. The trial, initially scheduled to begin the week of March 13, was postponed one month. On March 17, Cotton States offered its $300,000 policy limit to Brightman, but the offer was refused. Eventually, the case came on for trial, the jury returned the $1,787,500 verdict in favor of Brightman, and Cotton States and State Farm tendered $300,000 and $100,000, respectively, according to their policy limits.

This left Martin with a potential claim against Cotton States for negligent or bad faith refusal to settle Brightman's personal injury action against her and Cumbo within the $300,000 policy limit. Martin assigned her claim against Cotton States to Brightman in exchange for his agreement not to subject her assets to judgment, and Brightman sued Cotton States. The jury returned a verdict awarding Brightman the principal sum of $1,387,500 plus $743,421.91 interest for a total of $2,130,921.91 against Cotton States.

1. Cotton States charges the trial court with error in refusing to direct a verdict in its favor.

Cotton States argues that (1) it justifiably refused to accept the January 1994 settlement offer because Brightman's driving appeared at that time to be the sole cause of the collision; and (2) it never had the opportunity to effect another settlement because the January 1995 offer contained a condition beyond its control.

Brightman, however, presented expert witnesses (an attorney with experience in prosecuting and defending personal injury actions and a former insurance claims adjuster), who testified that Cotton States was negligent in failing to make a timely offer of the $300,000 policy limit in response to Brightman's settlement proposal. And Cotton States' own experts acknowledged that in multiple-defendant cases such as this, it is not uncommon for the insurer of only one of the defendants to pay its policy limits, obtain a limited release, and allow the case to proceed against the remaining parties.

> Liability or indemnity insurance policies ordinarily reserve to the insurer the decision whether an offer to compromise a claim against the insured should be accepted. . . . An insurer who fails to accept a reasonable settlement offer within the policy limits because it believes the policy does not provide coverage assumes the risk that it will be held liable for all damages resulting from such refusal. . . . There is a split in the decisions upon the question whether the insurer's obligation is only to act in "good faith" to the insured in considering such an offer, or whether it is required to exercise "due care" and is liable for a negligent rejection of the compromise.[1]

The rule in Georgia, as recognized in *Southern Gen. Ins. Co. v. Holt*,[2] is that an insurance company may be liable for damages to its insured for failing to settle the claim of an injured person where the insurer is guilty of negligence, fraud, *or* bad faith in failing to compromise the claim.[3]

In this state, the elements of a negligence cause of action are duty, breach, proximate cause, and damages.[4] Clearly, a jury would have been authorized to find that Cotton States had breached a duty to its insured if Brightman had made an unconditional $300,000

---

[1] (Footnote omitted.) 44 AmJur2d 331-333, Insurance, § 1399 (1982).

[2] 262 Ga. 267, 268 (1) (416 SE2d 274) (1992).

[3] Compare *Ferris v. Employers Mut. Cas. Co.*, 255 Iowa 511 (122 NW2d 263) (1963) (excess recovery action against insurer must be based on bad faith or negligence amounting to bad faith).

[4] *Ridgeview Institute v. Handley*, 224 Ga. App. 533, 536 (3) (481 SE2d 531) (1997).

settlement offer. That being the case, the jury was authorized to find Cotton States negligent in not responding to Brightman's conditional offer with a counteroffer in an effort to effect a settlement between Brightman and Martin. Cases such as *Yeomans v. Allstate Ins. Co.*[5] and *Young v. American Cas. Co. &c.*[6] have recognized an affirmative duty by the insurer to engage the injured party in discussions regarding an initial settlement demand in excess of policy limits. As stated in *Young*,

> [t]he initial demand of plaintiff's counsel often will be . . . far removed from the actual figure in settlement . . . especially in a personal injury action. It is a matter of common knowledge that it is a rare case where exploration of the possibilities of settlement, beyond the mere receipt of the plaintiff's demand, will not result in some substantial reduction of the amount.[7]

Proximate cause presents a more difficult issue. The question is whether entry into settlement negotiations by Cotton States would have led to a compromise of the suit. *Govt. Employees Ins. Co. v. Gingold*[8] was another excess liability case in which the facts presented a similar issue. There, the complaint of the insured was that the insurer had been negligent in rejecting a conditional settlement offer. The Supreme Court held that the insurer was entitled to summary judgment, because the insurer could not have entered into a binding settlement without the consent of the insured, and the insured had made his whereabouts unknown during settlement negotiations. This case is distinguishable from *Gingold*, because it is undisputed that the insurance policy between Cotton States and Martin reserved to the insurer the decision of whether to compromise a claim. Although Brightman eventually obtained a personal injury judgment against Martin, he surrendered his ability to collect the judgment from Martin's assets in exchange for the right to bring this suit against Cotton States. Under the circumstances, the jury was authorized to find that a timely offer by Cotton States of its $300,000 policy limit would have been accepted by Brightman.

There is a conflict in the evidence on the question of whether Martin was opposed to settlement of the case. Even if Martin had been opposed to settlement, that would not operate as an absolute bar to this suit, as settlement could have been effected without her

---

[5] 130 N.J. Super. 48 (324 A2d 906) (1974).
[6] 416 F2d 906 (2nd Cir. 1969).
[7] Id. at 910-911.
[8] 249 Ga. 156, 158 (1) (288 SE2d 557) (1982).

consent, and Cotton States does not claim that Martin's opposition played any part in its decision not to attempt settlement. Under the instructions given to it by the court and by its verdict, the jury has determined that the ten-day limit on Brightman's second settlement offer was not unreasonable.

Ultimately, this case is governed by the rule that questions of negligence and proximate cause are, except in plain, palpable, and indisputable cases, for the jury.[9] This case is not plain, palpable, and indisputable.

Cotton States also charges the trial court with error in refusing to direct a verdict in its favor, on grounds that Brightman's assignor Martin avoided personal liability through assignment of her cause of action and, therefore, suffered no damages.

It is, however, undisputed that Georgia law allows the insured to assign the cause of action to the holder of the excess liability judgment. It necessarily follows that the insured's avoidance of personal liability by the act of making the assignment does not defeat the cause of action. Exposure of the insured's assets to *potential* liability constitutes the element of damages.[10] The trial court did not err in refusing to direct a verdict in favor of Cotton States.

2. Cotton States contends that the trial court erred in admitting into evidence the transcript of the personal injury action by Brightman against Martin and Cumbo.

Cotton States' complaint is that much of the underlying trial involved irrelevant matters. Certainly, however, much of the trial involved relevant matters as well.[11] Cotton States might have sought to exclude the irrelevant matter rather than to keep out the entire trial transcript. In any event, Cotton States has made no showing that the trial court abused its discretion in denying its blanket objection to the whole. "The admission of testimony from a former trial is a matter in the sound discretion of the trial court and such discretion will not be overturned unless a manifest abuse of such discretion is made to appear."[12]

3. Cotton States contends that the trial court erred by granting Brightman's motion for directed verdict on the issue of damages.

The court submitted the case to the jury on the question of liability only, ruling that, as a matter of law, plaintiff's damages are the

---

[9] *Lozynsky v. Hutchinson*, 159 Ga. App. 715 (285 SE2d 70) (1981).

[10] Accord *Moutsopoulos v. American Mut. Ins. Co.*, 607 F2d 1185, 1188 (7th Cir. 1979) (judgment constitutes legal injury to judgment debtor regardless of failure of payment previous to action).

[11] See *Great American Ins. Co. v. Exum*, 123 Ga. App. 515, 517 (181 SE2d 704) (1971) (in excess liability action by insured against insurer, jury had all evidence presented in underlying tort suit).

[12] *Perkins v. Edwards*, 228 Ga. 470, hn. 1 (186 SE2d 109) (1971).

difference between the $1,787,500 judgment obtained by Brightman against Martin and the combined $400,000 limits of the insurance policies. We find no error.

Cases such as *Moutsopoulos v. American Mut. Ins. Co.*[13] and *State Farm &c. Ins. Co. v. Schlossberg*[14] recognize that after an insurer's liability for wrongful refusal to settle a claim against its insured is established, the insured or its assignee is entitled as a matter of law to recover damages equal to the amount by which the judgment exceeds policy coverage. Where, as here, these are the only damages sought, damages are liquidated.[15] Cases in which additional damages are sought are distinguishable.[16] " 'Where the amount of damages recoverable appears from the undisputed evidence to be certain, it is proper for the court to direct the verdict.' [Cit.]"[17]

4. Cotton States' remaining claims of error are deemed abandoned, as they are not supported by argument or citation of authority.[18]

*Judgment affirmed. Mikell, J., concurs. Andrews, P. J., concurs specially.*

ANDREWS, Presiding Judge, concurring specially.

I concur in the majority's conclusion that there was evidence to support the jury's verdict finding Cotton States negligently failed to settle the underlying suit by James Brightman within the $300,000 limit of the policy it issued to Lynn Martin.

The evidence at trial was contradictory as to whether Martin opposed any settlement of the underlying suit. There was evidence that Martin and Gregory Cumbo counterclaimed against Brightman in the underlying suit for injuries they suffered, that Martin told Cotton States she believed Brightman was the sole cause of the accident, and that prior to the nonbinding arbitration resulting in a $2,000,000 award to Brightman, Martin adamantly opposed any settlement. On the other hand, Martin gave contradictory testimony that she did not oppose settlement, that even before the nonbinding arbitration she wanted Cotton States to settle, and that it was always her intention to settle. Accordingly, there was evidence from which the jury could have concluded that Martin did not oppose the settlement, and that Cotton States negligently failed to settle the case for the $300,000

---

[13] Supra.

[14] 82 Md. App. 45 (570 A2d 328) (1990).

[15] See id. at 62-63.

[16] See *Home Ins. Co. v. North River Ins. Co.*, 192 Ga. App. 551, 557 (4) (385 SE2d 736) (1989) (physical precedent only); see also *Alexander Underwriters Gen. Agency v. Lovett*, 177 Ga. App. 262, 266 (4) (339 SE2d 368) (1985).

[17] *West v. Nodvin*, 196 Ga. App. 825, 831 (4) (c) (397 SE2d 567) (1990).

[18] Court of Appeals Rule 27 (c) (2).

policy limit when Brightman unconditionally offered to settle for that amount in January 1994 prior to the nonbinding arbitration. *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267 (416 SE2d 274) (1992); *Great American Ins. Co. v. Exum*, 123 Ga. App. 515 (181 SE2d 704) (1971).

I disagree with the majority's conclusion that the jury could have found Cotton States negligent for failing to settle when Brightman made a second offer to settle in January 1995 (after the nonbinding arbitration) for the $300,000 policy limit on the condition that State Farm (Cumbo's insurer) also pay its $100,000 policy limit. It is undisputed that State Farm refused to pay its $100,000 policy limit and that Cotton States had no control over State Farm's refusal. Since Cotton States had no control over the unsatisfied condition imposed by Brightman in the January 1995 offer to settle, nothing it did or failed to do was a proximate cause of the failure to settle. An offer to settle on a condition over which the insurer has no control cannot be the basis for a claim that the insurer negligently failed to settle. 7C Appleman, Insurance Law and Practice, § 4711, p. 376.

I also disagree with the majority's unqualified statement that evidence that Martin opposed settlement cannot operate as a bar to the suit against Cotton States because Cotton States had the right under its policy to settle without Martin's consent. In this case, there was evidence that Martin was not opposed to settlement when Brightman made the unconditional offer to settle in January 1994. However, where the uncontradicted facts show that an insured fully informed of the progress of settlement negotiations and the risk involved adamantly opposes settlement and insists that the suit be tried, this constitutes informed acquiescence in the refusal to settle and bars a claim by the insured that the insurer is liable for an excess verdict because it failed to accord the insured the same consideration it gave to its own interests. See *Govt. Employees Ins. Co. v. Gingold*, 249 Ga. 156, 158-159 (288 SE2d 557) (1982), citing *Eklund v. Safeco Ins. Co.*, 41 Colo. App. 96 (579 P2d 1185) (1978).

DECIDED JUNE 10, 2002 —
RECONSIDERATION DENIED JULY 11, 2002 

*Hawkins & Parnell, Thomas G. Tidwell, H. Lane Young II, Christian G. Henry, Forbes & Bowman, Morton G. Forbes, Scot V. Pool*, for appellant.

*Hudson, Montgomery & Kalivoda, David R. Montgomery, Kenneth Kalivoda*, for appellee.