Dr. Walter F. HART, Appellant,

v.

Alice FIELDEN et al., Appellees.

No. 6911.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 15, 1956.

Rehearing Denied Dec. 6, 1956.

Kenley, Sharp, Ritter & Boyland, Longview, Florence, Florence & Garrison, Gilmer, for appellant.

Fred Erisman, Ewing Adams, Longview, Gordon R. Wellborn, Rex Houston, Henderson, for appellees.

DAVIS, Justice.

On or about February 11, 1954, appellee-plaintiff while playing baseball sustained an injury to the distal joint of the index finger of her left hand. On or about February 19, 1954, she went to appellant-defendant, Dr. Walter F. Hart, for treatment. This was her first trip to the doctor after the injury. X-ray and physical examination revealed a distal intra-phalangial joint fracture. The finger was set by putting a wooden splint on the finger. In June of 1954, a distinct drooping of the distal phalanx was noted. Later X-rays and examination revealed a bony spur formation in the back part of this joint and extending down into the joint which prevented appellee from straightening her finger or from moving it with any degree of comfort. After some discussion between appellant and appellee, surgery was done on September 15, 1954, to remove the bony spur. The operation was performed under a general anaesthetic. After the operation, appellee's finger became infected with a dry gangrene, and on October 12, 1954, her left index finger was amputated at the second or middle joint by Dr. Charles Bloom.

Appellee then instituted suit against appellant, Dr. Walter F. Hart, seeking to recover damages allegedly accruing to her by virtue of many acts of alleged negligence, many of which were abandoned. The case was submitted to the jury on the following alleged acts of negligence:

1. Whether or not Dr. Hart bandaged said finger tighter than a physician or surgeon of average skill and ability in Gladewater and vicinity would have done under same or similar circumstances;

2. If appellant failed to loosen the bandage applied to appellee's finger, if

he so failed, within such time following the operation as would have been done by a physician and surgeon of average skill and ability in Gladewater and vicinity;

3. If appellant failed to remove bandage applied to appellee's left index finger within such time following the operation as would have been done by a physician and surgeon of ordinary skill and ability in Gladewater and vicinity;

4. If appellant failed to examine said finger following the operation, if he so failed, within such time following said operation as would have been done by a physician and surgeon of average skill and ability in Gladewater and vicinity;

5. If appellee made complaint to appellant that the bandage applied to her finger was too tight;

6. If appellant failed to remove bandage applied to appellee's finger following the operation upon complaint made to him by appellee, if the jury had so found, that the bandage was too tight;

7. The amount of damages as a result of the negligence of appellant;

8. The amount of medical bills.

The court then instructed the jury as to the term "gross negligence" and on proper instructions asked the jury to find whether the negligence, if any they had found against the appellant, to be "Gross Negligence."

The jury found that: Appellant bandaged appellee's finger tighter than a physician of average skill and ability in Gladewater would have done, that such act was negligence, but not a proximate cause of the loss of the finger; appellant failed to loosen the bandage, that such failure was negligence, but not the proximate cause of the loss of the finger; appellant failed to remove the bandage, that such failure was negligence, but not a proximate cause of the loss of the finger; appellant failed to examine the finger of appellee, that such failure was negligence and was a proximate cause of the loss of appellee's finger; the bandage on appellee's finger was too tight and that appellant failed to loosen the bandage; and, that appellant failed to remove the bandage and that such acts were negligence on the part of appellant but were not a proximate cause of the loss of appellee's finger. The damages were assessed at $3,500 plus doctor and hospital bills.

The jury exonerated Dr. Hart of "Gross Negligence" in each and every instance.

Motions for instructed verdict and verdict non obstante veredicto were overruled, and judgment was entered for appellee. Motion for new trial was overruled, and Dr. Hart has appealed. He brings forward five points of error.

By Points 1, 2 and 3, he complains of the action of the trial court in: (1) Overruling appellant's motion to disregard the answer of the jury to Special Issue No. 4-b (this being the issue where the jury found that the negligence of Dr. Hart in failing to examine the finger was a proximate cause of the loss of the finger) and enter judgment for the appellant because appellee wholly failed to show by any expert medical testimony the failure of appellant to examine the finger of appellee was the proximate cause of the loss of appellee's finger; (2) the error of the trial court in overruling appellant's motion for judgment non obstante veredicto because the uncontradicted testimony showed that examination by Dr. Hart could not have revealed the condition of appellee's finger in time to have remedied it, and because the testimony failed to show that the loss of the finger resulted from any treatment by Dr. Hart, but showed that it was just as probable that it resulted from some other cause; (3) the error of the trial court in overruling appellant's motion for instructed verdict because the evidence showed that tight

bandaging of appellee's finger was but one of several things that could have caused the loss of the finger, and, therefore, the essential element of proximate cause was lacking in appellee's cause of action.

We think that under these points the evidence in the case is sufficiently challenged to require us to review the entire record. This we have done and have concluded and find as a fact that there is no evidence to show any causal connection between the failure of appellant to examine appellee's finger and the dry gangrene which actually caused the loss of the finger. There is definitely no expert testimony that would show any direct connection. This being the case, we do not think it necessary to outline the testimony or attempt analogous comparisons with other cases. Suffice it to say that Dr. Bloom, testifying for appellee, said that he could not say what caused the dry gangrene to appellee's finger; and Dr. Joe Walker, witness for appellee, testified that he could not determine the probable cause in this case, and all the doctors (excusing Dr. Hart, an interested witness) testified that infection, which could cause dry gangrene, results sometimes, no matter how much care the doctor may use. The expert medical testimony shows that if Dr. Hart had examined the finger in the manner contended for by appellee, it was possible that dry gangrene could have been present and not detected; or, it could have been detected and at the same time have reached a point of no return. Much has been written upon such cases and we will not attempt to elaborate upon the same, except to say the following cases are in point: Bowles v. Bourdon, Tex., 219 S.W.2d 779; Barker v. Heaney, Tex.Civ.App., 82 S.W.2d 417, error dis.; Simms v. Gafney, Tex.Civ. App., 227 S.W.2d 848; writ ref., N.R.E.; Floyd v. Michie, Tex.Civ.App., 11 S.W.2d 657, no writ history; Phillips v. Wright, Tex.Civ.App., 81 S.W.2d 129, writ dis.; Kaster v. Woodson, Tex.Civ.App., 123 S.W. 2d 981, writ ref.; Kootsey v. Lewis, Tex. Civ.App., 126 S.W.2d 512, no writ history.

See also 70 C.J.S., Physicians and Surgeons, § 62d, pp. 999–1010, and authorities collated thereunder. Points 1, 2 and 3 are sustained.

Appellant's Points 4 and 5 are without merit and are respectfully overruled.

As we view the record as a whole, the case has been fully developed and there is not sufficient evidence in the record to support a judgment against appellant; therefore, the judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.