FLORIAN F. PFEIFER, APPELLANT, V. EDWARD J. KONAT, APPELLEE.

146 N. W. 2d 743

Filed December 2, 1966. No. 36337.

Vogeltanz & Kubitschek, for appellant.

John E. Dougherty, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and BOYLES, District Judge.

SMITH, J.

In this malpractice action against a dentist, plaintiff alleged that an infection had resulted from negligence in the extraction of a tooth. After verdict for defendant and denial of a new trial, plaintiff appealed. The pivotal point, however, is the sufficiency of one type of circumstantial evidence—a permissive inference from res ipsa loquitur.

Plaintiff was a farmer and part-time worker at a sales barn. He consulted defendant the morning of February 26, 1963, about an aching tooth located farthest back in the lower jaw on the right-hand side. In preparation for the extraction, to which plaintiff consented, defendant sterilized the entire area with a methylate spray. For a mandibular nerve block he injected presterilized novacain with a disposable presterilized needle. All other instruments were autoclaved, and ordinary care was exercised in the use of sterile cloth. After extracting the third molar without complication, defendant applied a sterile sulfa pack.

The afternoon of that day plaintiff worked at the

sales barn 3 hours, but illness compelled him to go home and to bed. His wife applied hot packs to his jaw during the 24-hour period that immediately followed the extraction. Defendant had given no such instruction because any infection would travel toward the heat. Printed instructions by defendant emphasized application of ice packs in that period, but plaintiff may have been uninformed. The effect of those hot packs was not otherwise developed, and negligence in respect to lack of instructions is not argued.

Plaintiff consulted Dr. Robert Fox, a physician, on March 1, 1963, about pain, chills, swelling, and a mild paralysis of the jaw. Several days afterward Dr. Fox placed plaintiff on an antibiotic. In spite of further treatment the condition worsened, and defendant recommended an examination by Dr. L. T. Higgins, an oral surgeon, to whom the dental records were sent.

On the first examination of plaintiff March 14, 1963, Dr. Higgins observed moderate swelling and a postoperative trismus which is a tightening of the muscles of mastication. An X-ray photograph demonstrated satisfactory healing in the area of the tooth socket. Anticipating infection because of edema lateral to the right jaw, the doctor prescribed a diet, hot pack therapy, and an antibiotic. Two weeks afterward he noted progressive swelling without drainage, and he therefore placed an intraoral drain adjacent to the tooth socket. Following a period of improvement the condition worsened, and on May 22, 1963, plaintiff was hospitalized for 7 days. A culture was not obtainable for weeks after the extraction, and in the one the doctor at last obtained a staphylococcal infection was present.

It is undisputed that pain, swelling, and trismus are common aftereffects of such an extraction, and that the tooth socket healed satisfactorily. In the opinion of Dr. Higgins the trismus had been complicated by an outside infection in the infratemporal fossa, a space lateral to the jawbone. Possible sources of foreign bacteria in-

cluded any object and any other person; cause of the infection was unknown.

Two prerequisites for a permissive inference from res ipsa loquitur are: The events indicate that the injury would not have occurred in the absence of negligence and that the defendant was the negligent person. See Asher v. Coca Cola Bottling Co., 172 Neb. 855, 112 N. W. 2d 252. Neither common knowledge nor expert testimony in the present case supports an inference that defendant was negligent. A finding that he exposed plaintiff to the foreign bacteria would be guesswork.

Because the facts do not permit an inference that defendant was negligent, the judgment is affirmed.

AFFIRMED.