472 P.2d 769 (1970)
Phillip I. SMITH, Plaintiff in Error,
v.
Thomas E. CURRAN, Defendant in Error.
No. 70-234. (Supreme Court No. 23444.)
Colorado Court of Appeals, Div. I.
July 7, 1970.
*770 C. J. Berardini and William R. Humphrey, Denver, for plaintiff in error.
Zarlengo, Mott & Carlin, Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here in the same order as in the trial court and are referred to as plaintiff and defendant.
Plaintiff's action for malpractice was dismissed on defendant's motion for directed verdict at the close of the evidence offered by plaintiff. The question on appeal is whether or not plaintiff had established a prima facie case against defendant.
Plaintiff suffered a fracture of the knee in a traffic accident. He was taken to Denver General Hospital where he received emergency treatment. Later he was taken to a private hospital where defendant, an orthopedic surgeon, undertook his care and treatment. Upon examination, the injury was diagnosed as a closed and partially dislocated fracture of the left femur with subluxation and fragmentation. A closed reduction of the fracture was performed and a cast applied. A few days later, x-ray examination revealed that the reduction was lost. The surgeon then performed an open surgical procedure in which the bone fragments were brought together with pins and screws and a cast applied. Antibiotics were administered as a preventative measure for six days and then discontinued. Twelve days after the operation, a spot appeared on the cast. The cast was opened and it was observed that the operative area was infected. Cultures were taken and antibiotic therapy was instituted. The following day, upon the basis of the cultures, a diagnosis of staphylococcus was made. Treatment was administered. About two weeks later, x-rays revealed osteomyelitis in the bone joint. The osteomyelitis has severely and permanently damaged plaintiff's leg.
The plaintiff and the defendant were the only witnesses at the trial. Plaintiff testified to what he could recall of the accident and the treatment administered. He also testified concerning the disability he had at the time of the trial. Defendant, on cross examination, testified that the surgery performed was the treatment of choice and that the post operative care was in accordance with proper medical standards. The doctor stated that he did not know the source of the staphylococcus infection and the subsequent osteomyelitis. He also stated that such conditions are recognized complications which sometimes follow surgery even though the surgeon has followed accepted surgical practices.
Plaintiff produced no expert testimony. The record in consequence lacks any evidence that the defendant was in any way negligent in his diagnosis and treatment of plaintiff's injury. In order for plaintiff to establish a prima facie case, it was incumbent upon him to prove by expert testimony that defendant by some act of omission or commission departed from the standard of care required of defendant as a physician. If no standard is established by the testimony of physicians, there is no standard for the determination of the ultimate question of the physician's negligence. See McGraw v. Kerr, 23 Colo.App. *771 163, 128 P. 870; Norkett v. Martin, 63 Colo. 220, 165 P. 256; Brown v. Hughes, 94 Colo. 295, 30 P.2d 259.
Plaintiff contends that his evidence was sufficient to establish a prima facie case without expert testimony and cites Farrah v. Patton, 99 Colo. 41, 59 P.2d 76 in support of his position. In that case, an osteopath, in treating the patient, gave the patient's neck such a severe jerk that the patient's spinal cord was damaged and paralysis of some of the body functions resulted. This case is an example of that type of malpractice case where the negligence of the physician is so apparent or the matter under investigation so simple that laymen are equally as able as experts to pass upon it, and expert testimony is not required as part of the prima facie case. This rule is not applicable to the present case because the cause of an infection or its source are matters within the field of medical experts. Uter v. Bone and Joint Clinic, 184 So.2d 304 (La.App.); Roberts v. Young, 369 Mich. 133, 119 N.W.2d 627; Hart v. Fielden, Tex.Civ.App., 295 S.W.2d 911; Kaster v. Woodson, Tex.Civ.App., 123 S.W.2d 981.
Counsel for plaintiff urges that sufficient evidence was presented from which the jury could legitimately infer that the defendant was negligent and therefore the case in chief was not vulnerable to defendant's motion for directed verdict. Specifically, he argues that he established a prima facie case because the so-called doctrine of res ipsa loquitur is applicable.
The applicability of res ipsa loquitur to malpractice cases was first considered in Colorado in McGraw v. Kerr, supra. In that case, plaintiff had suffered a broken arm and, after the treatment administered by the physician, the arm was permanently shortened and weakened. The court held that the fact that the injured limb was defective after treatment was not evidence of negligence on the part of the physician and that res ipsa loquitur did not apply. The rule that proof of a bad or lamentable result is not of itself evidence of negligent treatment by a physician has been followed in subsequent cases. Brown v. Hughes, supra; Schlesselman v. Gouge, 163 Colo. 312, 431 P.2d 35.
The evidence in this case showed not only a bad result but also that infection occurred in the area of the operation. However, it is generally held in accordance with the general rule that bad result does not alone constitute evidence or raise a presumption or inference of negligence, that the mere fact that a patient develops an infection in the area under treatment does not raise a presumption or inference of negligence on the part of the attending physician. The mere presence of infection following an operation is not prima facie evidence of negligence. Harmon v. Rust, (Ky.) 420 S.W.2d 563; Pfeifer v. Konat, 181 Neb. 30, 146 N.W.2d 743; Starnes v. Taylor, 272 N.C. 386, 158 S.E.2d 339. See also Annot. 162 A.L.R. 1265; 82 A.L.R.2d 1262; and cases therein cited.
Counsel for plaintiff cites no cases involving medical malpractice in support of his position, but contends that under the principles announced in Weiss v. Axler, 137 Colo. 544, 328 P.2d 88, the requirements of res ipsa loquitur were satisfied and that on this basis a prima facie case was established. In Weiss v. Axler, supra, it is said that the doctrine is applicable in negligence cases where it is shown: (1) that the injury is such that it would not have occurred but for the negligence of the defendant; (2) that the instrumentality which caused the injury is under the exclusive management and control of the defendant; and (3) that the injury occurred without any fault or negligence on the part of the plaintiff.
The plaintiff was under the control of the defendant during the operation, and there was no fault or negligence on the part of the plaintiff but the doctrine of res ipsa loquitur is not applicable. As the authorities previously cited hold, it cannot be inferred or presumed from the unfortunate end result of the surgery or from the fact that an infection developed in the operative *772 area that plaintiff's injury could not have occurred without negligence on the part of the defendant.
The trial court properly ruled that plaintiff failed to establish a prima facie case and properly directed a verdict for defendant.
The judgment is affirmed.
SILVERSTEIN, C.J., and ENOCH, J., concur.