563 P.2d 379 (1977)
The PEOPLE of the State of Colorado in the Interest of F. L. G., Jr. and J. M. G., children. Upon the Petition of L. S., Petitioner-Appellee, and concerning F. L. G., Respondent-Appellant.
No. 76-292.
Colorado Court of Appeals, Div. I.
April 7, 1977.
*380 Jonathan L. Olom, Denver, for petitioner-appellee.
George T. Ashen, John R. Frye, Jr., Denver, for respondent-appellant.
VanCISE, Judge.
Petitioner instituted this paternity action on September 24, 1974, claiming that respondent was the father of her twin children who were born on September 8, 1969. Respondent in his answer denied paternity.
On November 10, 1975, petitioner moved for summary judgment. The motion was accompanied by an affidavit claiming that respondent was the father of petitioner's children, certificates of live birth for each child naming respondent as the father, and statements of paternity for each child signed by respondent acknowledging that he was the natural father of the children. At a pretrial conference, respondent had admitted the authenticity of the certificates of live birth and statements of paternity. Respondent filed no affidavits in opposition and took no action between the time of the filing of the motion and the date of the hearing on January 20, 1976.
Respondent was present at the hearing, but his then attorney was not. Noting respondent's attorney's failure to attend, the trial court waived oral arguments and granted the motion for summary judgment based on the documents then in the file.
On January 30, 1976, respondent filed a motion to reconsider or in the alternative for new trial, which motion was accompanied by an affidavit setting forth facts which, if believed, could establish that he was not the father. The court denied both motions, and respondent appeals. We affirm.

I.
Respondent's argument that summary judgment was improperly granted rests largely upon the factual questions raised by his affidavit submitted 10 days after the order granting summary judgment. However, *381 respondent had a period in excess of two months in which to file affidavits prior to the scheduled hearing, but took no action. Affidavits filed subsequent to the granting of a motion for summary judgment cannot be considered. Garcia v. American Marine Corp., 432 F.2d 6 (5th Cir. 1970); see City of Highland Park v. Train, 519 F.2d 681 (7th Cir. 1975).
Since the summary judgment motion was supported by an affidavit, respondent's general denial of paternity contained in his answer to the petition does not suffice to raise a fact issue. See Sullivan v. Davis, 172 Colo. 490, 474 P.2d 218 (1970); Terrell v. Walter E. Heller & Co., 165 Colo. 463, 439 P.2d 989 (1968); O. C. Kinney, Inc. v. Paul Hardeman, Inc., 151 Colo. 571, 379 P.2d 628 (1963).
As stated in C.R.C.P. 56(e):
"When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him."

II.
Respondent argues that he was denied due process of law by being effectively denied right to counsel when his attorney failed to appear at the hearing for summary judgment, and by the fact that the court ruled on the motion without oral argument. We do not agree.
Due process does not include the right to oral argument on a motion, Morrow v. Topping, 437 F.2d 1155 (9th Cir. 1971), especially where, as here, the party against whom the motion is directed had ample opportunity to file any affidavits or legal arguments he might have had during the time between the filing of the motion and the date for hearing. See Spark v. Catholic University of America, 167 U.S.App.D.C. 56, 510 F.2d 1277 (1975). See also C.R.C.P. 78.
C.R.C.P. 56 makes no provision for the taking of oral testimony; rather C.R.C.P. 56(c) states in part:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
And, "a `genuine issue' cannot be raised by counsel simply by means of argument. . .." Sullivan v. Davis, supra.
The purpose of a motion for summary judgment is to save the litigants the expense and time connected with a trial when, as a matter of law based upon uncontradicted facts, one of the parties could not prevail. O. C. Kinney v. Paul Hardeman, Inc., supra. That purpose would be defeated if at a hearing on such motion oral argument and the taking of testimony were allowed as a matter of right.
Since the trial court acted properly in dispensing with oral argument and in ruling on the documents before it, there was no reversible error in the court's proceeding to judgment in the absence of respondent's counsel.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.