G. Dudley HOLMES, Plaintiff-Appellant,

v.

William E. GAMBLE, M.D., and Carl F. Heaton, M.D., Defendants-Appellees.

No. 78–910.

Colorado Court of Appeals, Div. II.

Oct. 30, 1980.

Rehearing Denied Nov. 28, 1980.

Certiorari Granted March 16, 1981.

---

Dufty, Schoenwald & Hultin, Lawrence J. Schoenwald, Denver, for plaintiff-appellant.

Johnson & Mahoney, P. C., Paul E. Scott, Denver, for defendant-appellee William E. Gamble.

Yegge, Hall & Evans, Eugene O. Daniels, Denver, for defendant-appellee Carl F. Heaton.

SMITH, Judge.

In this medical malpractice action, plaintiff appeals the judgments entered on directed verdicts in favor of both defendants. We affirm.

Plaintiff, an excavation contractor in Vail, Colorado, injured his knee while installing sewer pipe in a ditch when the ditch caved in, burying plaintiff up to his waist. Rescuers extricated plaintiff from the ditch and transported him to the Vail clinic where it was determined that his knee required immediate surgery. The doctor at the Vail Clinic referred the plaintiff to defendant, William E. Gamble, an orthopedic surgeon in Denver, who performed the surgery on plaintiff the following day. Defendant Carl F. Heaton served as an anesthesiologist during the surgery.

Plaintiff brought this medical malpractice action for injuries allegedly incurred by him during the knee surgery. The alleged injury, "bilateral ulnar neuropathy," did not involve the body area that was the focus of the surgical procedure; ulnar neuropathy relates to the ulnar nerve distribution which has its origin in the spine, runs through the armpit and into the fingers. Plaintiff alleges that his ulnar nerves were injured during surgery as a result of improper positioning on the operating table.

Defendants argue that plaintiff's injuries are not attributable to the surgery. They contend that the ulnar nerve injury probably occurred during the extrication of the plaintiff from the ditch, from improper handling of the plaintiff during transport from Vail to Denver, or during the post-operative convalescent period.

At trial, plaintiff relied solely upon the doctrine of *res ipsa loquitur* to establish a prima facie case of negligence against defendants. Plaintiff presented no expert medical testimony indicating that either physician had in fact been negligent. Therefore, the only issue presented on appeal is whether the trial court improperly refused to submit plaintiff's claim to the jury based solely on the doctrine of *res ipsa loquitur*. We hold that it was not error to preclude the jury from considering the presumption of negligence embodied in the doctrine of *res ipsa loquitur*.

■ The general rule is that negligence must be proved, and will never be presumed. *Aurora v. Weeks*, 152 Colo. 509, 184 P.2d 90 (1963). The mere fact that an accident or an injury has occurred with nothing more is not evidence of negligence on the part of anyone. *See Smith v. Curran*, 28 Colo.App. 358, 472 P.2d 769 (1970).

■ The facts constituting negligent conduct, however, like any other facts, may be proven by circumstantial evidence. This is evidence of one fact, or a set of facts, from which the existence of the fact to be determined may reasonably be inferred. *Res ipsa loquitur* is not a cause of action or claim for relief in itself, *St. Luke's Hospital v. Schmaltz*, 188 Colo. 353, 534 P.2d 781 (1975), but is merely a rule of evidence which defines the circumstances under which a presumption of negligence will arise as a matter of law. Such a presumption becomes operative when a particular unexplained occurrence creates a prima facie case of negligence without proof of specific misfeasance. *Kitto v. Gilbert*, 39 Colo. App. 374, 570 P.2d 544 (1977). Where applied, the doctrine of *res ipsa loquitur* creates a presumption which takes the place of specific evidence of negligence.

■ Insofar as pertinent here for the doctrine of *res ipsa loquitur* to be applicable, it must be shown that:

"1. The event is the kind which ordinarily does not occur in the absence of negligence.

2. Other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence.

3. The indicated negligence is within the scope of the defendant's duty to the plaintiff.

*See Branco Eastern Co. v. Leffler,* 173 Colo. 428, 482 P.2d 364 (1971).

The doctrine of *res ipsa loquitur* has been applied in medical malpractice cases where the cause of the injury or damage is so apparent that laymen are equally as able as experts to conclude that such things do not happen in the absence of negligence. *E. g., Mudd v. Dorr,* 40 Colo.App. 74, 574 P.2d 97 (1977) (cottonoid sponge left inside patient by surgeon); *Kitto v. Gilbert, supra* (expulsive loss of eye during cataract surgery).

■ However, here, it cannot be inferred from the injury itself that it could not have occurred without negligence on the part of the defendants; thus, expert testimony on that issue is necessary before the doctrine of *res ipsa loquitur* can be applied. *See Smith v. Curran, supra.*

Expert medical testimony introduced by plaintiff himself indicated that the surgery performed by defendants was not in itself the cause of the trauma. Plaintiff's expert stated that although bilateral ulnar neuropathy may develop as a complication of surgery when a patient is improperly positioned on the operating table, the facts in this case did not warrant that conclusion. The evidence likewise disclosed that the genesis of plaintiff's condition could have been either before or after the surgery, and during times when plaintiff was not within the control of either defendant.

Whether the circumstantial evidence warrants the inference that it is more probable that defendants' negligence caused the injury, so that the doctrine of *res ipsa loquitur* is applicable in the first instance, is a question of law for the trial court. *Zimmer v. Celebrities, Inc.,* Colo.App., 615 P.2d 76 (1980). Here, the trial court concluded that plaintiff had failed to establish by a preponderance of the evidence that the injury was an event of the kind which ordinarily does not occur in the absence of negligence, and that other responsible causes, including the conduct of the plaintiff and third person, were not sufficiently eliminated by the evidence.

The trial court's findings in this regard are supported by the record, and the conclusions based thereon are correct.

Accordingly, the judgments are affirmed.

PIERCE and STERNBERG, JJ., concur.