Mary E. GREENWELL,
Plaintiff-Appellant,

v.

John R. GILL, M.D., Defendant-Appellee.

No. 81CA1314.

Colorado Court of Appeals,
Div. III.

Dec. 9, 1982.

Rehearing Denied Jan. 27, 1983.

Richard L. Ott, Denver, for plaintiff-appellant.

Johnson, Mahoney & Scott, P.C., Dennis M. Mahoney, Brian J. Lampert, Denver, for defendant-appellee.

KIRSHBAUM, Judge.

In this medical malpractice case, plaintiff, Mary E. Greenwell, appeals the trial court's judgment dismissing her complaint against defendant, John R. Gill. We reverse.

Plaintiff's pretrial certificate contains the following pertinent allegations. In June 1978, plaintiff sought treatment from defendant for breast pains she was experiencing. On June 30, 1978, defendant performed implant surgery on plaintiff's breasts.

Post-operative complications developed, and defendant removed the implants in August of 1978. In the course of performing this corrective surgery, defendant inserted a Penrose drain in each of plaintiff's breasts to promote fluid drainage. Plaintiff continued to experience pain and to consult with defendant, and in January 1979, she was re-admitted to a hospital because of severe abdominal pain. An X-ray taken at that time revealed the presence of a Penrose drain inside one of her breasts. Defendant removed the drain on January 17, 1979.

Plaintiff's pretrial certificate also indicates that of the five claims contained in her complaint, she sought relief on the following theories: (1) lack of informed consent; (2) negligent medical treatment; (3) negligent post-operative care; and (4) unnecessary or improper surgery.

During pretrial preparations, defendant's attorney deposed Dr. Donald A. Simsen, whom plaintiff had endorsed as an expert witness. At the commencement of trial proceedings on June 23, 1981, the trial court granted defendant's motion *in limine* to bar any opinion testimony by Dr. Simsen. The trial court concluded that, on the basis of the deposition, Dr. Simsen was not qualified to render an expert opinion on the standard of care applicable to defendant's conduct. The trial court also denied plaintiff's request, based on the alleged unavailability of the witness, to introduce the deposition into evidence.

Immediately after this ruling, the following colloquy occurred:

"MR. OTT [Plaintiff's Counsel]: Your Honor, could we have a continuance to seek a writ?

THE COURT: Yes.

MR. OTT: I think in the nature of this, that to proceed to trial at this stage of the proceedings would be somewhat a waste of the Court's time, and I think we need to have this issue resolved before we go to trial.

THE COURT: All right. That is fine. We can abate the proceedings and continue them indefinitely until such time as— well, I better put some time limit on it insofar as at least seeking it. If counsel does not file some type of appeal or appellate procedure within 30 days, then I am going to dismiss the case. If it is filed within that time then the case will be abated until such time as the decision is decided by an appellate court.

MR. OTT: Great. Thank you, Your Honor."

Plaintiff promptly petitioned the Colorado Supreme Court, pursuant to C.A.R. 21, to require the trial court to admit the deposition into evidence. The petition was denied on July 28, 1981.

On August 6, 1981, defendant filed a motion to dismiss, asserting that the denial of plaintiff's C.A.R. 21 petition "leaves plaintiff's alleged medical malpractice action without the testimony of a medical expert, and thus [her] claim for relief should be dismissed with prejudice." No other ground was asserted in support of this request for dismissal. Plaintiff appeals the trial court's order granting that motion.

Plaintiff contends that the trial court abused its discretion in dismissing her claims prior to trial on the merits. We agree.

■ Cases involving medical or other professional malpractice are species of the broad legal phylum denominated "negligence" cases. They are distinguished primarily because the fact-finder, in evaluating the alleged unreasonable conduct, must consider that the defendants are presumed to possess a minimum reservoir of "special knowledge, and ability." *See W. Prosser, Torts* § 32 (4th ed. 1971). Inevitably, questions arise in these cases concerning the standards of professional care and professional competence which define the concept of reasonableness appropriate to adjudication of such disputes.

Colorado has long recognized that in actions of this type the testimony of expert witnesses frequently is indispensable to the resolution of both such issues. *See Daly v. Lininger,* 87 Colo. 401, 288 P. 633 (1930); *Smith v. Curran,* 28 Colo.App. 358, 472 P.2d 769 (1970). This principle acknowledges the practical problems faced by fact-finders in seeking to apply an objective test of "reasonable conduct" to the sphere of medical activity.

The rule has never been absolute, however. The common law has frequently recognized that in some contexts of alleged professional malpractice the fact-finder might not require expert testimony to identify the applicable standard of care and minimal level of professional competence. *Daly v. Lininger, supra.* Thus, several exceptions are recognized to the principle that expert testimony is necessary to establish claims of medical malpractice.

■ A plaintiff alleging lack of informed consent on the basis of an asserted non-disclosure of material facts is not necessarily required to present expert testimony to establish his or her claim. *Hamilton v. Hardy,* 37 Colo.App. 375, 549 P.2d 1099 (1976). The duty of care in such cases is supplied by the general principle of full disclosure—a standard not peculiar to any one profession. Of course, medical testimony may be necessary to establish the defense of conformance with community standards of professional practice. *Stauffer v. Karabin,* 30 Colo.App. 357, 492 P.2d 862 (1971).

■ Similarly, cases alleging negligence based on the doctrine *res ipsa loquitur* generally do not require plaintiffs to produce expert witnesses. *Mudd v. Dorr,* 40 Colo.App. 74, 574 P.2d 97 (1977). The doctrine is based upon the assumption that in some situations an event itself creates a presumption of negligence—that the duty of care required has been contravened unreasonably. *Holmes v. Gamble,* 624 P.2d 905 (Colo.App.1980). In essence, the plaintiff in such cases is relieved from the obligation of establishing any specific standard of care or minimal level of competence.

Finally, it is recognized that even in some cases wherein negligent treatment is alleged, the plaintiff is not required to introduce testimony by an expert witness. *Farrah v. Patton,* 99 Colo. 41, 59 P.2d 76 (1936). These cases necessarily leave to the discretion of the trial court the decision of whether the factual context of the proceeding is so technically complex that the plaintiff must present testimony by an expert witness to establish the applicable professional standards and minimal levels of competence.

■ In the present case, the trial court apparently assumed from its colloquy with plaintiff's counsel, quoted above, that all of plaintiff's claims required expert testimony. Such assumption is not supported by the record. Plaintiff's claim of lack of informed consent need not require introduction of expert testimony. *Hamilton v. Hardy, supra.* Even if it is assumed, *arguendo,* that her claim of negligent treatment during and after surgery requires evidence from a physician, *but see Farrah v. Patton, supra,* she may be able to establish the requisite facts through the testimony of defendant on cross-examination. *Smith v. Hoffman,* 656 P.2d 1327 (Colo.App.1982); *see Bolles v. Kinton,* 83 Colo. 147, 263 P. 26 (1928).

■ To the extent plaintiff relies on the doctrine of *res ipsa loquitur* to establish defendant's negligence, she may have no duty to introduce expert testimony. *Com-*

*pare Holmes v. Gamble, supra, with Miller v. Van Newkirk,* 628 P.2d 143 (Colo.App. 1981). Whether the evidence actually adduced by plaintiff proves sufficient to warrant the application of the doctrine of *res ipsa loquitur* is a matter of law to be determined by the trial court. *Miller v. Van Newkirk, supra.* However, such determination can be made only in the context of the facts of a particular case. Thus, if facts material to such questions are disputed, these issues may not be determined either upon motion for summary judgment or upon motion to dismiss. *Jones v. Dressel,* 623 P.2d 370 (Colo.1981); *Van Schaack v. Phipps,* 38 Colo.App. 140, 558 P.2d 581 (1976). The record here does not support the trial court's apparent conclusion that plaintiff must introduce expert testimony in this case.

 Although the issue was not raised by defendant's motion to dismiss, the trial court indicated in the course of the hearing on plaintiff's motion to set aside the order of dismissal that it considered the statements of counsel on June 23, 1981, to constitute an admission that expert testimony was necessary to establish each of his client's claims. Even if such statements were so construed, nothing expressed or implied in the statements or in the pleadings would have precluded plaintiff from calling defendant to establish any requisite standard of care and levels of minimal competence. *Smith v. Hoffman, supra.*

Under these circumstances, we conclude that the trial court abused its discretion in denying plaintiff's motion to set aside its order of dismissal. In view of this determination and our uncertainty as to what expert witnesses might actually testify at trial, we do not reach the question surrounding the admissibility of Dr. Simsen's deposition. *See generally Greene v. Thomas,* (Colo.App. # 81CA0430, Nov. 26, 1982).

The judgment is reversed and the cause is remanded for trial proceedings consistent with the views expressed herein.

SMITH and KELLY, JJ., concur.