**Jane Kathryn CONRAD,
Plaintiff-Appellant,**

v.

**Raymond J. IMATANI, M.D. and Colorado Permanente Medical Group, P.C., a Colorado corporation, Defendants-Appellees.**

**No. 84CA0791.**

Colorado Court of Appeals,
Div. II.

Decided April 17, 1986.

Rehearing Denied May 15, 1986.

Certiorari Denied (Conrad) Aug. 25, 1986.

LaFond & Evangelisti, John S. Evangelisti, Karen V. Hendrick, Denver, for plaintiff-appellant.

Pryor, Carney and Johnson, P.C., Irving G. Johnson, Elaine Ashe Wohlner, Englewood, for defendants-appellees.

BABCOCK, Judge.

In this medical malpractice action, plaintiff, Jane Kathryn Conrad, appeals: (1) the summary judgment in favor of defendant, Raymond J. Imatani, on her claims for medical malpractice and lack of informed consent; (2) the denial of her motion for continuance of the trial date; (3) the denial of her motion to amend her complaint; and (4) the denial of her post-summary judgment motions. We affirm.

By complaint filed November 24, 1982, as amended on December 30, 1982, plaintiff alleged negligent care and treatment by defendant, and lack of informed consent, with respect to a right hip arthroplasty performed in December 1980. Defendant answered denying plaintiff's claims. An expedited trial, set for January 23, 1984, was vacated when defendant's motion for summary judgment, filed November 25, 1983, and heard January 18, 1984, was granted. Plaintiff's motions for a continuance of the trial date and to amend the complaint were then denied as moot.

## I.

Plaintiff first claims that the trial court erred in granting defendant's motion for summary judgment, alleging that genuine issues of material fact remained for the jury. We disagree.

### A.

#### Res Ipsa Loquitur

Plaintiff alleged in her complaint that her right leg was lengthened during the hip arthroplasty while she was unconscious and that this result would not have occurred had defendant exercised reasonable care in the surgical procedures. Defendant's motion for summary judgment contained the affidavits of three board certified orthopedic surgeons which stated defendant had met or exceeded the applicable standard of care, that plaintiff's leg was not lengthened by the surgery, and that plaintiff's injuries were unrelated to the surgery.

The mere fact of a bad or lamentable result is not prima facie evidence of negligence on the part of the treating physician. *McGraw v. Kerr*, 23 Colo.App. 163, 128 P. 870 (1912); *see Smith v. Curran*, 28 Colo.App. 358, 472 P.2d 769 (1970). Further, if the injuries complained of do not involve the body area that was the focus of a surgical procedure performed by defendant, expert testimony is required to show that the injury is of the kind which would ordinarily not occur in the absence of negligence. *Holmes v. Gamble*, 624 P.2d 905 (Colo.App.1980), *aff'd*, 655 P.2d 405 (Colo. 1982).

Here, plaintiff's sole evidence at the summary judgment hearing was that her leg was longer following surgery, and that

she experienced pain immediately upon awakening after the surgery. Plaintiff offered no expert testimony from any source on this issue. Therefore, we hold that the trial court did not err in entering summary judgment against plaintiff on the issue of res ipsa loquitur. *See Holmes v. Gamble, supra.*

### B.

### Lack of Informed Consent

■ It is undisputed that defendant did not inform plaintiff of a risk that her leg would be lengthened nor did he inform her that there was a risk of injury or lasting pain in her lower back or foot as a result of the operation. However, defendant's affidavits from board certified orthopedic surgeons stated that the injuries and pain were unrelated to defendant's surgery, and that defendant provided plaintiff with the appropriate information concerning the substantial and specific risks of surgery.

■ If a patient is uninformed because of nondisclosure, the burden is on the defendant physician to demonstrate that, under the circumstances, his silence complied with applicable medical standards. *Mallet v. Pirkey,* 171 Colo. 271, 466 P.2d 466 (1970); *see Bloskas v. Murray,* 646 P.2d 907 (Colo.1982). But if, as here, the physician produces competent expert opinion of compliance with the applicable medical standards in informing the patient of all substantial risks associated with the medical procedure, the burden is then on the patient to show that a genuine issue of fact remains. *See Sullivan v. Davis,* 172 Colo. 490, 474 P.2d 218 (1970); *Mallet v. Pirkey, supra.*

Here, plaintiff's sole evidence consisted of an excerpt from defendant's deposition in which defendant estimated that there was a 10% chance of a leg length change greater than ½ inch as the result of a hip arthroplasty and a 1% chance of injury to the sciatic nerve during surgery on the hip joint. Plaintiff offered no expert opinion at all as to whether defendant's failure to inform on these risks deviated in any way

from applicable medical standards. Thus, we hold that the trial court did not err in granting summary judgment against plaintiff on her claim of lack of informed consent.

### C.

### Negligence

■ Forty-seven days before the hearing on summary judgment, defendant served a request for admissions on plaintiff which included a request that plaintiff admit that she did not have an expert witness qualified in the field of orthopedics who would express an opinion that defendant had deviated from accepted standards of care, or that plaintiff's pain was caused by any negligence or omission on defendant's part. Plaintiff did not respond to the request, and the trial court thereafter correctly considered those facts admitted for purposes of summary judgment. *See* C.R.C.P. 36.

■ However, two days before the summary judgment hearing, and seven days before the date set for trial, plaintiff filed an amended trial data certificate listing one Douglas Lake, M.D., as an expert witness. The certificate was accompanied by Lake's affidavit which stated his professional opinion that defendant's treatment of plaintiff fell below the standard of care for board certified orthopedic surgeons. There was no statement in the affidavit that Lake was a board certified orthopedic surgeon, or that he was otherwise qualified to render an opinion on orthopedic surgery.

At the hearing on the motion for summary judgment, the trial court granted a defense motion to strike Lake's affidavit, because, as the court ruled, the mandatory requirements of C.R.C.P. 121(b) § 1–18 dictate that expert witnesses be identified "no later than 45 days prior to the date set for trial." Plaintiff claims this ruling was error. We disagree.

The purpose of the rule is to provide both sides with the opportunity to prepare adequately for trial and to prevent undue surprise. The rule is mandatory, and the trial court can impose "any appropriate sanc-

tion" for noncompliance. *See* C.R.C.P. 121(b) § 1–18(1)(d). In this case, plaintiff's failure to respond to defendant's request for admissions established that plaintiff could not produce an expert witness on the standard of care or causation elements of negligence. Moreover, the amended trial data certificate was filed so closely to the hearing and trial dates that defendant's counsel was totally unable to rebut the affidavit. This is evidenced by the counsel's statement: "He [Lake] is held out [in the affidavit] as having an address of 524 Morris Avenue, Summit, New Jersey ... Dr. Lake, however, is not [there] ... As near as we can tell, he is somewhere in Florida."

Further, plaintiff failed to show that the need to add an expert witness was not reasonably foreseeable at the time she filed her trial data certificate, and the addition of plaintiff's expert would have delayed the trial starting date. *See* C.R.C.P. 121(b) § 1–18(1)(c). Thus, we conclude that the trial court's striking of Lake as a witness was an appropriate sanction in this case.

■ Once Lake was stricken as a witness, his affidavit became inadmissible at the summary judgment hearing. C.R.C.P. 56(e) requires that affidavits set forth such facts as would be admissible in evidence at the trial. *See In re Estate of Abbott*, 39 Colo.App. 536, 571 P.2d 311 (1977). Therefore, we hold that the trial court did not err in refusing to consider Lake's affidavit.

■ The record reflects that plaintiff relied solely on argument of her attorney at the summary judgment hearing. There was no attempt made to subpoena defendant's experts and cross-examine them in order to establish a genuine issue of material fact. Counsel argued at the hearing what the experts allegedly stated on deposition. Although plaintiff's counsel represented that some of the depositions had not yet been typed, he made no showing that defendant's experts were unavailable to testify. A "genuine issue" cannot be raised by counsel simply by means of argument. *Sullivan v. Davis, supra; People in Interest of F.L.G.*, 39 Colo.App. 194, 563

P.2d 379 (1977). Accordingly, since plaintiff's evidence failed to establish a genuine material issue of fact, the trial court did not err in granting summary judgment for defendant on the issue of negligence.

## II.

■ There is no merit in plaintiff's contention that the trial court erred in ruling that the motion to continue the trial date was moot. The motion was filed on the day of the summary judgment hearing, and, on appeal, plaintiff erroneously refers to it as a motion to continue the summary judgment hearing. The record clearly reflects that plaintiff's only motion was to continue the trial date.

C.R.C.P. 121(b) § 1–18(1)(c) limits the trial court's discretion in allowing the addition of new witnesses to situations in which the addition will not necessitate a delay of the trial starting date. C.R.C.P. 121(b) § 1–18(1)(d) makes compliance with the rule mandatory. Therefore, under the rule, a trial court may not grant a continuance of the trial date for the sole purpose of allowing plaintiff to meet the forty-five day requirement of C.R.C.P. 121(b) § 1–18(1)(a). Moreover, the summary judgment for defendant on plaintiff's claims made any further proceedings on the merits unnecessary, and the trial court properly vacated the date set for trial.

## III.

■ Plaintiff next contends that the trial court erred in ruling that her motion to amend the complaint was moot. While we agree that the motion was not moot, we conclude that there was no reversible error.

Plaintiff's motion to amend was filed thirty-eight days prior to the summary judgment hearing and shortly after defendant had filed his motion for summary judgment. Plaintiff sought to add claims for negligent misrepresentation and express warranty. Defendant's reply to the motion asserted that plaintiff had a dilatory motive for filing the motion, and that defendant

**94**

would suffer undue prejudice if the amendment was allowed.

Plaintiff did not request a hearing on the motion, nor did the trial court order the motion set for hearing, so a ruling on the motion was pending without the necessity of argument of counsel at the time of the summary judgment hearing. *See* C.R.C.P. 121 § 1–15(4) and (5).

■ Although leave to amend generally should be freely granted, *see* C.R.C.P. 15(a), the trial court does not abuse its discretion when it denies a motion to amend which is futile. *See Eagle River Mobile Home Park, Ltd. v. District Court,* 647 P.2d 660 (Colo.1982).

Here, causation was an essential element of plaintiff's additional claims for negligent misrepresentation and express warranty. Because plaintiff's claimed injuries did not involve the body area which was the focus of the surgery, expert testimony was required in order for her to prove causation. *See Holmes v. Gamble, supra.* Since plaintiff had admitted that she did not have an expert who could testify that defendant's treatment caused her claimed injuries, she would not have been able to prove her claim at trial even if the amendment had been granted. Therefore, the trial court could properly have denied plaintiff's motion as futile. *See Eagle River Mobile Home Park, Ltd. v. District Court, supra.* Consequently, we hold that the trial court did not err in dismissing the motion to amend.

### IV.

■ Plaintiff's final argument, that the trial court erred in denying her combined motion for new trial, to alter or amend, or for relief from judgment or order, is also without merit. She alleges that the trial court should have reconsidered its summary judgment in light of a supplemental affidavit of an expert witness which she filed some 83 days after the motion for summary judgment was granted.

Affidavits filed subsequent to the granting of a motion for summary judgment cannot be considered in a motion to reconsider or, in the alternative, for a new trial. *People in Interest of F.L.G., supra.* Further, plaintiff neither asserted nor established that the evidence could not have been discovered in the exercise of reasonable diligence before the hearing. *See* C.R.C.P. 59(a)(4). Thus, we hold that the trial court did not abuse its discretion in denying plaintiff's motion.

### V.

Defendant's request for attorney's fees under § 13–17–101, et seq., C.R.S. (1985 Cum.Supp.) is denied.

The judgment and orders of the trial court are affirmed.

SMITH and STERNBERG, JJ., concur.