20CA1583 Roberts v McCormack 01-20-2022 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1583 Boulder County District Court No. 19CV30657 Honorable Patrick Butler, Judge Kelly Roberts, Plaintiff-Appellant, v. Kristen McCormack, L.Ac, Defendant-Appellee. JUDGMENT AFFIRMED Division VII Opinion by JUDGE BERGER Brown and Johnson, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 20, 2022 Winget, Spadafora & Schwartzberg, LLP, Derek C. Anderson, Boulder, Colorado, for Plaintiff-Appellant Hershey Decker Drake, Kari Hershey, Robert Bacaj, Lone Tree, Colorado, for Defendant-Appellee 
1 ¶ 1 In this professional negligence action against an acupuncturist, plaintiff, Kelly Roberts, appeals the district court’s summary judgment in favor of defendant, Kristen McCormack, L.Ac. Because the district court correctly held that the case could not proceed without standard of care testimony from an expert acupuncturist, we affirm. I. Relevant Facts and Procedural History ¶ 2 After receiving acupuncture treatment from McCormack, Roberts suffered a pneumothorax (also known as a collapsed lung). Roberts then sued McCormack for professional negligence. ¶ 3 Roberts twice filed a certificate of review in which her counsel certified that he had consulted with an acupuncturist who had relevant expertise and that the claim did not lack substantial justification. See § 13-20-602(3), C.R.S. 2021 (requiring plaintiffs in professional negligence actions against regulated acupuncturists to file a certificate of review). Despite these certificates of review, Roberts never disclosed an acupuncture expert. ¶ 4 McCormack moved for summary judgment, arguing that Roberts could not make a prima facie case of professional 
2 negligence without a standard of care expert. Roberts argued that she did not need an expert: Colorado law holds that expert testimony to prove breach of the standard of care in a medical malpractice case is not necessary where the doctrine of res ipsa loquitor applies. . . . No reasonable trier-of-fact could possibly believe that a puncture of a bodily organ during acupuncture complies with the applicable standard of care. Moreover, no reasonable trier-of-fact requires an expert to explain that such a negligent act does not comply with such standards of care. ¶ 5 The district court granted summary judgment, stating: The issue for this motion comes down to whether a pneumothorax caused by an acupuncturist during treatment is res ipsa evidence that Defendant was negligent in her treatment of Plaintiff. The Court finds that it is not. The Court agrees with Plaintiff that if we take all the evidence and all the inferences which can be reasonably drawn from the evidence in a light most favorable to Plaintiff that; a. Plaintiff underwent acupuncture treatment with Defendant; b. Plaintiff’s lung was punctured during the course of that treatment; c. Plaintiff suffered some injuries, damage and losses as a result of the punctured lung. 
3 However, what the Court cannot find, and a reasonable jury could not find, without the assistance of expert testimony, is that the fact that Plaintiff’s lung was punctured during treatment was necessarily due to the negligence of Defendant. Unfortunate and bad outcomes occur occasionally during medical treatment and procedures. The fact that Plaintiff had a bad outcome does not necessarily mean that it was a result of Defendant’s negligence. The Court cannot find that the determination of whether Plaintiff’s pneumothorax was the result of negligence or just an unfortunate outcome from the procedure, even with ordinary care being exercised, is within the ambit of common knowledge or experience of ordinary persons. Without specialized medical or acupuncture training, a reasonable juror or fact finder could not make such determination as to whether the pneumothorax in this instance was the result of the negligence of Defendant or just an unfortunate outcome from the procedure, even with the exercise of due care by Defendant. II. Analysis ¶ 6 Roberts’s only claim on appeal is that the district court erred when it held that an acupuncturist standard of care expert was required for her to make a prima facie case. We reject this contention. 
4 A. Standard of Review and Preservation ¶ 7 The parties agree, as do we, that Roberts preserved this issue. We review de novo a grant of summary judgment, which is “appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” P.W. v. Child.’s Hosp. Colo., 2016 CO 6, ¶ 11. B. Law and Analysis ¶ 8 Generally, to establish a prima facie case of medical malpractice, a plaintiff must establish the standard of care through expert testimony.
1 Melville v. Southward, 791 P.2d 383, 387 (Colo. 1990). However, there is an exception to that rule. If “the subject matter of a medical malpractice action lies within the ambit of common knowledge or experience of ordinary persons,” then expert testimony is not required. Id. ¶ 9 The subject matter of this case does not lie within the ambit of common knowledge. In support of her summary judgment motion, McCormack presented a signed report from an acupuncturist, 1 Because this is a negligence action against a healthcare professional, we, like both parties, assume that the law applicable to medical malpractice actions involving physicians applies to this action against an acupuncturist. See § 13-20-602(3), C.R.S. 2021. 
5 which opined as follows: (1) multiple factors can contribute to a collapsed lung, which “can be spontaneous, meaning that it can occur in the absence of any external causative event”; (2) a collapsed lung is a “known risk inherent in acupuncture treatment” that is “believed to be acupuncture’s most commonly reported complication”; and (3) the risk of a collapsed lung is “usually standard on acupuncture consent forms.” ¶ 10 Roberts did not dispute any of these propositions by legally competent evidence. True, we must give Roberts all favorable inferences that can be drawn from the record. See People in Interest of S.N. v. S.N., 2014 CO 64, ¶ 16. But Roberts cannot avoid summary judgment by “merely assert[ing] a legal conclusion without evidence to support it.” Id. at ¶ 17 (citation omitted). ¶ 11 On this summary judgment record, the only possible conclusion was that Roberts’s injury could have been caused by multiple complex factors and that a collapsed lung is a known risk of acupuncture. Therefore, the district court correctly concluded that expert testimony was required to establish the applicable 
6 standard of care and to determine whether McCormack met or breached that standard. ¶ 12 Roberts analogizes this case to medical malpractice cases in which expert testimony was not necessary. These cases include Mudd v. Dorr, 40 Colo. App. 74, 77, 574 P.2d 97, 100 (1977), in which the court held that expert testimony was not required when a surgeon left a sponge inside his patient’s body. Roberts also relies on Farrah v. Patton, 99 Colo. 41, 44, 59 P.2d 76, 77 (1936), where a patient was partially paralyzed during osteopathic treatment. These cases, however, are not helpful to Roberts because the record shows there are multiple potential causes (independent of negligence) of a collapsed lung. Moreover, the known risks of a collapsed lung occurring during acupuncture also distinguish this case from those cited by Roberts. ¶ 13 Roberts also argues that under Colorado law, “negligence actions do not require expert testimony when applying the doctrine of res ipsa loquitur.” We reject this argument because “[w]here, as here, it cannot be inferred that the injury normally does not occur without negligence, expert testimony on that issue is necessary 
7 before res ipsa loquitur can be applied.” Miller v. Van Newkirk, 628 P.2d 143, 146 (Colo. App. 1980). III. Disposition ¶ 14 The judgment is affirmed. JUDGE BROWN and JUDGE JOHNSON concur.